UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARIA GONZALEZ, Individually | ) | |
|---|---|---|
| and as the Natural Guardian of | ) | |
| NELSON ROMERO, a Minor, and | ) | |
| SALMA GONZALEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:15CV290-PPS/CAN |
| | ) | |
| ADT LLC, | ) | |
| ADT SECURITY SERVICES, INC., | ) | |
| ADT SECURITY SERVICES, LLC, | ) | |
| ADT SECURITY SYSTEMS, INC., | ) | |
| TYCO INTEGRATED SECURITY LLC, | ) | |
| and ERIC HARDISTY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Maria Gonzalez and her children were assaulted during a robbery at their home. Gonzalez contends that the security system sold to her and installed by ADT did not function as promised. She has sued ADT and a number of its affiliates as well as an individual named Eric Hardisty, an ADT salesman who sold her the system. This case was originally brought in state court and removed here by ADT. Gonzalez now asks for the case to be remanded to state court for a lack of federal subject matter jurisdiction because both she and Hardisty are Indiana citizens. [DE 20.] The Defendants argue that Hardisty should be dismissed because he was fraudulently joined. More broadly, ADT argues, among other things, that this action should be dismissed in its entirety

because it is time-barred by a contractual provision. [DE 6 at 1.] On November 30, 2015, I held a hearing on the pending motions.

Because I agree that Eric Hardisty is fraudulently joined, the Motion to Remand is denied, and the Motion to Dismiss Eric Hardisty is granted. But because this case was originally filed in state court, Plaintiffs will be given an opportunity to amend their complaint against Hardisty (and ADT) to try to cure the deficiencies in the complaint outlined in this opinion.

## **Factual Background**

The facts come from the complaint which I accept as true at this point. In October 2010, Plaintiff Maria Gonzalez met with Eric Hardisty, an ADT salesman, about purchasing a home security system. [DE 4 at 2.] Both Gonzalez and Hardisty are Indiana residents. [*Id*. at 1, 2.] ADT is a Delaware corporation with its principal place of business in Florida. [DE 1 at 3.] Gonzalez told Hardisty that her home had been burglarized in the past; Hardisty responded by telling Gonzalez that she lived in a high-crime area and that she needed a security system. [DE 4 at 2.] Naturally, as an ADT salesman, Hardisty recommended an ADT system. [*Id*. at 2-3.] That same day, Gonzalez signed a contract for the installation and monitoring of an ADT system. [*Id*. at 3.]

The nature and physical makeup of the contract that Gonzalez signed is in dispute. ADT claims Gonzalez signed a six-page contract, which included, in paragraph 10 on page four, a provision requiring Gonzalez to file any lawsuit against ADT or its employees within one year from the date of the event that resulted in the injury. [DE 7-1

2

at 5.] Gonzalez disputes this; she says the contract she was given consisted of only three pages, and that it did not contain the one-year time limitation. [DE 4 at 3.] Both parties have submitted copies of the contract they say Gonzalez signed. The three-page document Gonzalez submitted appears to be the first three pages of the six-page document ADT submitted. In both documents, each page is labeled as page "x of 6", and in both documents Gonzalez's signature appears at the bottom of page 1 under text that reads, in part, "[Y]ou understand all the terms and conditions of this contract, including, but not limited to, paragraphs 5, 6, 7, 8, 9, 10, and 22." [DE 7-1 at 2.] On the three-page document Gonzalez submitted, there are no paragraphs or sections numbered 10 or 22, though paragraphs so numbered do appear on the six-page document ADT submitted. [DE 4 at 14-16.] Pages four through six of the document ADT submitted do not bear Gonzalez's signature, initials, or any other mark or acknowledgment that she was provided those pages. [DE 7-1 at 5-7.]

Gonzalez denies ADT ever gave her anything beyond the three pages she submitted along with her complaint. [DE 4 at 3.] ADT argues that the physical construction of the contract makes that claim impossible. According to ADT, the six-page contract was not six individual pages, but instead three double-sided pages attached on the sides so that all six pages were connected. [DE 23 at 2.] But at the November 30 hearing, ADT could not provide the court with the original, physical copy of the contract that ADT claims Gonzalez signed.

Sometime between October 5, 2010, and June 10, 2013, Gonzalez contacted ADT and spoke with an unidentified ADT employee. [DE 4 at 3.] She informed the employee that she was going to cancel her traditional home phone service, and rely just on her cell phone. She asked what she needed to do to ensure continued monitoring of her security system by ADT . [*Id*. at 3-4.] According to the Complaint, the employee told Ms. Gonzalez that she was already "all set" to have her home monitored via cellular coverage. [*Id.* at 4.] In other words, the system would still work without a land line and there was nothing for her to do.

On June 10, 2013, there was a break-in at Gonzalez's home by "multiple assailants." [*Id*.] Gonzalez and her children were assaulted and robbed. [*Id*.] Because the security system was only set up to work with a land line, not via cellular technology, the system did not sound an alarm in the house at the time of the break-in, nor did it notify law enforcement. [*Id*.] So, in fact, Gonzalez was not "all set" when she cancelled her land line.

On June 8, 2015, Gonzalez filed this action in an Indiana state court, alleging multiple claims of negligence, gross negligence, willful and wanton conduct, and fraud against ADT and its salesman, Eric Hardisty. [DE at 4-10.] There is a problem with how the complaint is drafted. It does not enumerate counts against ADT and Eric Hardisty separately, but instead makes a series of claims against all "defendants" collectively so that every claim and nearly every allegation is made against all defendants. That makes the parsing of the complaint for each individual defendant especially challenging. In

any event, the defendants removed the case to this court, arguing that Eric Hardisty was fraudulently joined in this action, and that without him, complete diversity exists and this court has jurisdiction. [DE 1.]

ADT has also moved to dismiss arguing that the case is time-barred because Gonzalez did not file the lawsuit within one year of the break-in and attack as required by the version of the contract that ADT claims Gonzalez signed. [DE 7 at 6-7.] ADT also argues that the negligence claims against it should be dismissed because ADT did not owe Gonzalez a common-law duty to perform the duties they are alleged to have breached, that the fraud claims should be dismissed because they are really breach of contract claims and, in any event, Plaintiffs have failed to plead fraud with the specificity required by Fed.R.Civ.P. 9(b).

Gonzalez seeks to have the case remanded back to Indiana state court, arguing that Eric Hardisty was properly joined, that complete diversity does not exist, and that this court therefore does not have jurisdiction to hear this case. [DE 20.]

### Discussion

When a lawsuit is removed to federal court on the basis of diversity of citizenship, "the district court should verify the existence of subject-matter jurisdiction at the outset of the litigation . . ." *Allen v. Ferguson*, 791 F.2d 611, 615 (7th Cir. 1986). To ensure this court has subject-matter jurisdiction to hear this case, I will first examine the Motion to Remand before turning to the Motion to Dismiss.

**Motion to Remand**

The question presented is whether Eric Hardisty was fraudulently joined in an effort to keep this lawsuit in Indiana state court. [DE 1.] The term "fraudulent joinder" is a bit of a misnomer. It does not necessarily indicate that false statements have been made regarding jurisdictional facts. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Instead, the more common scenario for fraudulent joinder is one that "involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos,* 959 F.2d at 73. A defendant attempting to prove fraudulent joinder faces a "heavy burden." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). To establish fraudulent joinder, the defendant, must show that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73. Any doubts I may have about removal are to be "resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

If the defendant can meet this burden, I can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).) I must look to state law to determine if the Plaintiffs have any "reasonable possibility of success" against the allegedly fraudulently joined defendant. *Schur,* 577 F.3d at 764.

As I alluded to earlier, because the complaint makes claims against the defendants collectively, it does not specifically delineate which tortious acts were allegedly performed by Eric Hardisty. For example, the complaint does not specifically allege that Eric Hardisty had anything to do with the installation or monitoring of the security system, nor does the complaint allege that Eric Hardisty was the ADT employee who told Maria Gonzalez she was "all set" when she called several years after the installation and wanted to know if she was fine to drop her land line. [DE 4.]

Under the facts as presently alleged in the complaint, Eric Hardisty's involvement appears to be limited to the sale of the security system. [*Id*.] As such, the only negligence claims in the complaint that could conceivably be directed towards Hardisty are those alleging that the defendants committed "deceptive and unconscionable sales acts in its dealings" with the Plaintiff; that the defendants failed or refused to provide Gonzalez "with a completed copy of a residential service contract;" and that the defendants exerted unequal bargaining power over Gonzalez with respect to the service contract. [*Id*. at 6-7.] And the only fraud claim that could be directed towards Hardisty is that he made "material representations to…Maria Gonzalez, that defendants would install an appropriate and adequate security system fit for Plaintiffs' particular residence and one that would allow the Defendants to provide customer monitoring center signal receiving and notifications service for burglary, manual fire and manual police emergency." [*Id*. at 9.]

7

The complaint against Hardisty, as it is presently pled, has no reasonable chance of success. Even accepting the facts they allege as true, those facts do not support the claims made against Hardisty. I will discuss each one individually.

Plaintiffs' claims of deceptive and unconscionable sales acts, unequal bargaining, and duress with respect to the service contract lack factual support. Under Indiana law, a contract may be declared unconscionable when it is the product of a great disparity in bargaining power between the parties and that leads the party with less power to sign "unwillingly and unaware of its terms." *Pinnacle Computer Servs., Inc. v. Ameritech Pub., Inc.*, 642 N.E.2d 1011, 1017 (Ind. Ct. App. 1994). Additionally, "the contract must be one that no sensible person not under delusion, duress or in distress would make, and one that no honest and fair person would accept." *Id.*

For a contract to be voided because of duress, "there must be an actual or threatened violence or restraint of a man's person contrary to law, to compel him to enter into a contract or discharge one." *Carrasco v. Grubb*, 824 N.E.2d 705, 711 (Ind. Ct. App. 2005). In determining whether a contract was signed under duress, "the ultimate fact to be determined is whether or not the purported victim was deprived of the free exercise of his own will. Mere threats, which fall short of subverting the will, cannot constitute duress." *Raymundo v. Hammond Clinic Ass'n*, 449 N.E.2d 276, 283 (Ind. 1983).

The facts as alleged in the complaint do not meet these standards. According to the complaint, Hardisty informed Gonzalez that there were a lot of break-ins in her area, that she needed security, and then recommended she purchase an ADT system.

8

The complaint does not allege that Hardisty exerted pressure on Gonzalez such that she signed the contract unwillingly, nor does it claim the contract she signed was one that no sensible person would enter. So there is nothing in the complaint that would suggest that Hardisty engaged in an unconscionable act with regard to the contract. Nor does the complaint allege that Hardisty threatened or restrained Gonzalez such that she lost the ability to exercise free will.

In their opposition to the Motion to Dismiss, Plaintiffs defend their claims of undue influence, unequal bargaining power, duress, and unconscionable and deceptive sales acts by reliance on the assertion that Gonzalez has "limited English-speaking and comprehension skills," and that she was "under considerable duress" to have a security system installed because her home had been broken into in the past. [DE 19 at 16.] The problem with this argument is that those allegations do not appear in the complaint.

Plaintiffs also maintain that Defendants owed Maria Gonzalez a duty to provide her with a completed copy of the contract, a duty they say Defendants breached. [DE 4 at 6-7.] The Plaintiffs are adamant throughout their filings that this, and other duties in and around the alarm service, give rise to claims that sound in tort. [DE 4, 19.] However, the Plaintiffs do not provide any authority that the duty to provide a copy of the contract exists in tort. The closest Plaintiffs seem to come is their argument that Defendants' failure to provide Gonzalez with a copy of the contract is indicative of Defendants' attempt to fraudulently conceal the one-year statute of limitations they claim the contract contains. [DE 19 at 9.] Plaintiffs claim that Defendants' failure to

9

provide Gonzalez with a complete copy of the service contract "prevented her from knowing that she was required to file her claim for personal injury in a shorter period of time than allowed by" the Indiana personal injury statute of limitations, and was therefore an instance of fraudulent concealment. [DE 19 at 9.]

But fraudulent concealment does not create its own cause of action. Instead, fraudulent concealment is an equitable exception to the statute of limitations. *Doe v. United Methodist Church,* 673 N.E.2d 839, 844 (Ind. Ct. App. 1996). Under the Indiana fraudulent concealment statute, "If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the actions, the action may be brought at any time within the period of limitation after the discovery of the cause of action." Ind. Code. § 34-11-5-1. Where such concealment exists, the statute tolls the statute of limitation "until the plaintiff discovers the wrong."*Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1261 (Ind. 2014). So, while I make no decision today on whether the fraudulent concealment doctrine in any way affects the one-year limitation ADT says the contract contains, I can say that it does not bear at all on whether a common-law duty to provide a copy of the contract exists in tort. Because the Plaintiffs provide no support for their claim that Eric Hardisty's failure to provide Maria Gonzalez with a copy of the contract exists in tort, they cannot succeed on this claim.

Plaintiffs' rightly point out that " in a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner," and that failure to do so can be a tort. [DE 19 at 13.] *Hagerman Construction, Inc. v. Copeland*, 697 N.E.2d 948,

958 (Ind. Ct. App. 1998) ("Negligent failure to do so is a tort, as well as a breach of contract."). However, their claim that Eric Hardisty breached such a duty is not supported by the facts as pled. Such a duty exists only after a contract is executed. *Homer v. Burman*, 743 N.E.2d 1144, 1147 (Ind. Ct. App. 2001). Yet, as previously mentioned, the Plaintiffs have not pled that Eric Hardisty had any involvement at all once the contract was executed. Because they do not plead any post-contract work on his part, Eric Hardisty cannot be said to have breached a duty to perform such work skillfully.

Plaintiffs' fraud claim against Eric Hardisty is similarly unsupported by the facts. Under Indiana law, the first element of a fraud claim is that the defendant made a "false statement of past or existing material facts." *Epperly v. Johnson*, 734 N.E.2d 1066, 1073 (Ind. Ct. App. 2000). Implicit in the first element of fraud is that actual fraud may not be based on "representations regarding future conduct." *Maynard v. 84 Lumber Co.*, 657 N.E.2d 406, 409 (Ind. Ct. App. 1995). The facts alleged against Eric Hardisty cannot meet the elements of actual fraud. Hardisty's limited involvement consisted of recommending an ADT security system and telling Gonzalez that such a system would be installed. As a promise of future conduct, such a statement cannot be the basis for actual fraud. What's more, the system was in fact installed. What Hardisty is alleged to have said could not constitute a false statement, let alone a false statement about past or existing facts. If, by contrast, Hardisty was alleged to have told Gonzalez that the system to be installed would work with both land lines and cellular technology, when

11

in fact Hardisty knew that the system only worked with a land line, that would be a material misrepresentation about an existing fact. But the complaint is devoid of this kind of allegation. Thus, the fraud claims have no chance of succeeding under the complaint as it is currently drafted.

Because Plaintiffs have not pled facts that could support the negligence or fraud claims they have asserted against Eric Hardisty, they cannot establish a cause of action against him. As such, Eric Hardisty has been fraudulently joined and he will dismissed, albeit without prejudice. The Plaintiffs will be given an opportunity to file an amended complaint to address the problems with their claims against Hardisty identified in this order. If the Plaintiffs choose to file an amended complaint they are encouraged to specifically identify what each defendant did or did not do and avoid making allegations against the "defendants" collectively. Setting out different causes of action in separately enumerated counts would also contribute greatly to the pleading's clarity.

**Motion to Dismiss**

With my jurisdiction now secure, I can turn to the ADT defendants' Motion to Dismiss. But because I am giving the Plaintiffs leave to file an amended complaint I will only briefly address these arguments. To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). See also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In deciding a motion to dismiss, I must construe

the complaint in the light most favorable to the Plaintiffs, accepting as true all well-pleaded facts Plaintiffs alleged and drawing all permissible inferences in their favor. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

Defendants argue the lawsuit should be dismissed in its entirety because Gonzalez failed to file this action within one year of the home invasion, pursuant to the time limitation in the disputed portion of the contract. [DE 7 at 6.] The parties disagree sharply over whether Gonzalez was delivered and signed a three- or six-page service contract. ADT claims Gonzalez received a six-page contract containing the one-year limitation. [DE 23 at 2.] What's more, they argue that even if she did not, her signature on page one of the contract confirming she had read the entire agreement, "including, but not limited to paragraphs 5, 6, 7, 8, 9, 10, and 22" binds her to the limitation anyway. [DE 7 at 3, 6.] Gonzalez claims she received only three pages, and that the one-year limitation did not appear within them. [DE 19 at 8.] Gonzalez also points out that she did not sign, initial, or otherwise mark on pages 4-6 to indicate she received them. [DE 19 at 7.] Plaintiffs also argue the attempted enforcement of the one-year provision is an attempt to add terms to their agreement, and that the one-year limitation would not apply to Gonzalez's children, anyway, since they were not parties to the contract. [*Id.* at 11-13.]

The statute of limitations is an affirmative defense. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). *See* Fed.R.Civ.P. 8(c). The plaintiff is not required to plead around defenses. *N. Trust Co.*, 372 F.3d at 888. The argument that ADT is making

13

is better left for summary judgment when I will be dealing with facts, not allegations. At this stage of the case, I must construe the facts and inferences regarding the contents of the contract in favor of the Plaintiffs. It is the Plaintiffs' version of the contract that controls at this point and that version does not contain the one-year limitation. So that portion of the Defendants' Motion to Dismiss is denied. *See Nickens v. Tyco Integrated Sec., LLC*, No. 3:14CV11-RLY, 2014 WL 3378676, at *2 (S.D. Ind. July 9, 2014), on reconsideration in part, No. 3:14CV11-RLY, 2014 WL 6910463 (S.D. Ind. Nov. 25, 2014) (where the parties disagreed on which version of the contract was the actual one, court considered plaintiff's to be the true contract, consistent with the dismissal standard).

Defendants also argue that Plaintiffs' negligence claims are actually breach of contract claims, since the duties allegedly breached arose solely out of the service contract. [DE 7 at 7-9.] As earlier discussed, under Indiana law an injury that arises "in the context of a contract, can give rise to an action both in contract and tort." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003). "As a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner, and a negligent failure to observe any of these conditions is a tort, as well as a breach of contract." *Id.* at 577. In *Racquet v. Thompson,* the Indiana Court of Appeals held that a claim sounded in tort rather than contract when a land surveyor produced the survey he was contracted for, but was found to have performed the work negligently. 693 N.E.2d 969, 971 (Ind. Ct. App. 1998). *See also Strayer v. Covington Creek Condo. Ass'n*, 678 N.E.2d 1286, 1288 (Ind.

Ct. App. 1997) (In Indiana, a plaintiff has the option of suing in tort or in contract for the negligent performance of a contractual duty).

Gonzalez alleges that ADT was negligent in installing, servicing, maintaining, operating, and/or monitoring the security system. [DE 20 at 4.] When her home was broken into, she alleges this negligence resulted in the security system malfunctioning, failing both to sound in the house and to notify local law enforcement. [DE 4 at 8-9.] As a result, Gonzalez and her children were assaulted and injured. Under Indiana law, these facts are sufficient to make Gonzalez's claims plausible on their face. Therefore, the portion of the Motion to Dismiss pertaining to these negligence claims is denied.

ADT argues that the claims premised on negligent hiring, supervision, and retention are not properly pled because they do not assert that an employee acted outside the scope of his or her employment. [DE 7 at 7.] Negligent retention and supervision may result in an employer's liability when an employee "steps beyond the recognized scope of his [or her] employment to commit a tortious injury upon a third party." *Scott v. Retz*, 916 N.E.2d 252, 257 (Ind. Ct. App. 2009). Additionally, negligent retention may be found when an employer "negligently retained an employee knowing that the employee was in the habit of misconducting himself." *Chivers v. Cent. Noble Cmty. Sch.*, 423 F. Supp. 2d 835, 855 (N.D. Ind. 2006) (applying Indiana law). Neither scenario finds factual support in the complaint, which does not allege that any ADT employee acted outside the scope of his or her employment, nor that ADT knew of any employee's habit of misconduct. Because the factual allegations the Plaintiffs make do

15

not support a claim of negligent hiring, supervision, training, retention, that portion of ADT's Motion to Dismiss will be granted, and that claim will be dismissed without prejudice.

I have already addressed Gonzalez's claims regarding undue influence, unequal bargaining power, and deceptive acts in the Motion to Remand analysis. Because Eric Hardisty was the only ADT employee involved in the sale and execution of the service contract, and because I have already stated that Gonzalez has no chance of success on these claims against him under the complaint as presently drafted, the portion of ADT's Motion to Dismiss dealing with the claims of undue influence, unequal bargaining power, and unconscionable and deceptive sales acts is granted, and those claims are dismissed without prejudice.

ADT also argues that Plaintiffs' negligence claim that is based upon defendants' misrepresentations fails because it is actually a fraud claim that fails to meet Rule 9(b)'s heightened pleading standard. [DE 7 at 11.] That claim is located in the "Claims for Negligence, Gross Negligence, and Willful and Wanton Conduct" section of the complaint, and it reads like this: "The defendants acted carelessly, negligently, with gross negligence, in a willful and wanton manner, and in heedless and conscious disregard for the safety of the plaintiffs by misrepresenting the capabilities of the alarm system it had installed in the Plaintiffs' particular residence." [*Id*.] Indiana state law recognizes a tort for negligent misrepresentation only in limited employer-employee relationships. *Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. Ct. App. 1999).

Because no such relationship exists between the parties, a claim of negligent misrepresentation is not plausible on its face.

This claim also fails to meet Rule 9(b)'s heightened pleading standards for allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9. To comply with this standard, plaintiffs must "state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *United States v. Sanford Brown, Ltd.*, 788 F.3d 696, 705 (7th Cir. 2015) (quoting *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir.1994)). "The purpose . . . of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his compliant."*Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

In making their claim of misrepresentation, the Plaintiffs do not name the individual who made the misrepresentation, they do not say when, where, or how it took place, nor do they state what this misrepresentation was, other than that it related to the capabilities of the security system. [DE 4 at 8.] Because this claim does not have the specific factual basis required for negligent misrepresentation in Indiana, and because it lacks the heightened particularity Rule 9(b) requires, the portion of the

Motion to Dismiss dealing with it is granted, and the claim will be dismissed without prejudice.

For the same reason, Plaintiff's fraud claims must also fail. The complaint makes three claims of fraud. The first, which deals with the representation to install an appropriate security system, was a promise of future performance, and therefore not fraud, as I addressed previously with respect to the Motion to Remand. The second fraud claim alleges:

> "Defendants made material representations to the Plaintiff, Maria Gonzalez, that Defendants did in fact install an appropriate and adequate system fit for Plaintiff's particular residence and one that would allow the Defendants to provide customer monitoring center signal receiving and notification service for burglary, manual fire and manual police emergency."

[DE 4 at 9-10.] The third fraud claim alleges that "Defendants made material representations to the Plaintiff, Maria Gonzalez, that she was 'all set' and nothing needed to be done as she was already set up for cellular coverage." [*Id.* at 10.] Neither claim identifies who made the misrepresentations, or when or where they were made. Because these claims lack the factual detail necessary to stand up to Rule 9(b)'s heightened pleading requirement, the portion of Defendants' Motion to Dismiss dealing with Plaintiff's fraud complaints is granted. The Plaintiffs claims for fraud are dismissed without prejudice.

## CONCLUSION

Plaintiffs' Motion to Remand [DE 20] is DENIED.

The ADT Defendants' Motion to Dismiss [DE 6] is GRANTED IN PART AND DENIED IN PART. All claims against defendant Eric Hardisty are dismissed without prejudice. The claims of negligent misrepresentation and fraud against the ADT Defendants are also dismissed without prejudice. With respect to the rest of the complaint, the Motion to Dismiss is denied.

Plaintiffs will be given thirty days to file an amended complaint to address the shortcomings of the complaint outlined in this opinion.

**SO ORDERED.**

**ENTERED this 9th day of February, 2016.**

                                          **/s/ Philip P. Simon**
                                          **CHIEF JUDGE**